IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE ROMANECK,

    Plaintiff,

v.

DEUTSCHE ASSET MANAGEMENT, et al.,

    Defendants.

NO. C05-2473 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

This matter comes before the Court on Defendants' motion to dismiss and strike. After carefully considering the parties' written arguments, the allegations in the complaint, and relevant case law, the Court finds oral argument to be unnecessary and hereby cancels the motion hearing currently scheduled for Monday, September 12, 2005. With good cause appearing, the Court now GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss and GRANTS Defendants' motion to strike for the reasons discussed below.

**BACKGROUND**

Plaintiff Lawrence Romaneck alleges the following: Romaneck worked for Defendant Deutsche Bank as the Director of Sales for the Western Region from 1996 to 2004. During that period, Defendant Tom Winnick served as his supervisor. Romaneck claims that Defendants used him as a scapegoat to settle claims with the Securities and Exchange Commission ("SEC") over market-timing allegations. The practice at issue involves the quick buying and selling of shares in mutual funds in an attempt to profit from short-term fluctuations in value. Defendants allegedly allowed favored investors to engage in that practice, which is frequently prohibited because it can disadvantage ordinary

shareholders by driving down the long-term value of the fund. Romaneck never participated in any wrongdoing regarding market timing.

Romaneck also never received any complaints about his performance until he assisted with the SEC investigation of Defendants' practices regarding market timing. The SEC commenced its investigation in 2003, and some time after that (at a time not specified in the complaint), Romaneck produced several market-timing and securities documents to the SEC pursuant to the SEC's request. In March 2004, Defendants informed Romaneck that he would be subpoenaed to testify before the SEC and the New York Attorney General's Office. Defendants attempted to influence Romaneck's testimony, but Romaneck informed Defendants that he would tell the truth, including everything he knew about Defendants' market-timing practices. Defendants terminated Romaneck's employment shortly after he refused to submit to Defendants' pressure regarding his testimony. On May 12, 2004, Winnick personally fired Romaneck, first stating "performance" as the reason for termination and then changing the reason to "market timing."

After terminating Romaneck's employment, Defendants filed the required Form U-5, Uniform Termination Notice for Securities Industry Registration, with the National Association of Security Dealers ("NASD"). This form alleges the following reason for Romaneck's discharge:

> As part of an internal review, Deutsche Bank identified a past relationship with an investment advisory firm that traded frequently in a small number of mutual funds, inconsistent with these funds' registration statement policies. In connection with the ongoing internal review, Mr. Romaneck was terminated from his position with Deutsche Bank.

Compl. Ex. 5. Romaneck contends that Defendants know this statement, which insinuates wrongdoing, is false but refuse to expunge it. Romaneck has been unable to obtain employment at several different securities firms because he has been compelled to divulge the contents of the Form U-5.

Additionally, Romaneck alleges that Defendants failed to engage in the required interactive process and failed to accommodate him regarding a workplace injury he suffered

2

on April 5, 2004. Romaneck further alleges that Defendants engaged in impermissible age discrimination by firing him, and that Defendants failed to pay him commissions as promised.

In all, Romaneck alleges fourteen causes of action. Defendants now move to dismiss the second cause of action for violation of California Labor Code section 1102.5; the ninth cause of action for intentional infliction of emotional distress; the tenth cause of action for defamation; and the eleventh cause of action for violation of California Labor Code section 1050. Defendants also move to strike certain language from paragraph 33 of the first amended complaint ("FAC").

**LEGAL STANDARD**

**I. Motion to Dismiss**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, dismissal should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998).

In deciding whether a case should be dismissed, a court may generally only consider the complaint and any attached exhibits that have been incorporated therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, the court may consider a document external to the complaint if the complaint "necessarily relies" on the document and no party contests the document's authenticity. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The court may also consider facts for which judicial notice is appropriate. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Thus, while the court must generally accept as true the factual allegations of the complaint and construe those allegations in the light most favorable to the plaintiff, the court need not "accept as true allegations that

contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

## II. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to strike from the pleadings "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" if it "consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Motions to strike are regarded with disfavor, as they are often used as delaying tactics, and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "However, where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n. v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (cited with approval in *Fantasy, Inc.*, 984 F.2d at 1528). When considering a motion to strike, a court must view the pleadings in a light most favorable to the non-moving party. *Id.* at 39.

# DISCUSSION

## I. Motion to Dismiss California Labor Code Section 1102.5 Claim

California Labor Code section 1102.5(b) provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation." Defendants argue that Romaneck has failed to state a claim under this statute because he does not allege that he disclosed information to a government agency prior to his termination.

Romaneck alleges that "[a]fter the SEC commenced its investigation of DEUTSCHE, ROMANECK produced several market timing and securities documents to them for their investigation pursuant to the SEC's request." FAC ¶ 20. However, as Defendants correctly observe, this allegation does not include a date on which Romaneck allegedly produced the documents to the SEC. Romaneck asserts in his opposition papers that he produced documents in response to a March 2004 subpoena, but this allegation does not appear in the complaint. In addition, because Romaneck does not dispute that he did not testify before the SEC until after his termination, it would be an unreasonable deduction to infer that Romaneck necessarily produced documents in response to the subpoena prior to his termination. Instead, Romaneck must either allege an actual date on which he produced documents to the SEC or, at a minimum, that he produced documents to the SEC prior to the date of his termination.

Because he has failed to do so, the Court agrees with Defendants that Romaneck has failed to allege that he engaged in protected activity prior to his termination.[1] Accordingly,

---

[1] In their reply, Defendants further argue that Romaneck's contention that he produced documents in response to the subpoena cannot support his claim because the subpoena was issued on March 31, 2004, and Romaneck was not terminated until May 12, 2004. Although Defendants' argument is unclear, it appears that Defendants believe the time period between the subpoena and the termination was too long to support an inference of a causal link between Romaneck's response to the subpoena and his termination. However, this is not an issue that the Court can resolve on a motion to dismiss because the Court does not find the inference of a causal link to be unreasonable as a matter of law.

5

the Court GRANTS the motion to dismiss Romaneck's second cause of action for violation of California Labor Code section 1102.5. Romaneck shall be given leave to amend, however, because it appears that he may be able to cure the complaint's deficiencies by amendment.

## II. Motion to Dismiss Intentional Infliction of Emotional Distress Claim

The elements of a cause of action for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Cervantes v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979). Defendants argue that Romaneck fails to allege the first element, extreme and outrageous conduct, which "must be so extreme as to exceed all bounds of that [which is] usually tolerated in a civilized society." *Id.*

In his opposition, Romaneck entirely ignores the authority relied on by Defendants. Defendants rely primarily on *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996), where the court held that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." Instead, "[i]f personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* Other courts have followed *Janken* to hold that termination for discriminatory or other improper reasons is insufficient to rise to the level of outrageous conduct required for an intentional infliction of emotional distress claim. *E.g., Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1186 (C.D. Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."); *Bartalini v. Blockbuster Entm't, Inc.*, No. C-98-

6

3943-SC, 1999 WL 1012383, at *10 (N.D. Cal. Nov. 8, 1999) ("[C]ourts have generally refused to extend liability for emotional distress to terminations based upon discriminatory motives unless accompanied by aggravating factors, such as racial or ethnic slurs. . . . Moreover, even if [plaintiff] had shown that his termination was in fact motivated [by discriminatory] animus, such action is not per se outrageous."); *see also Helgeson v. Am. Int'l Group, Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("Performance reviews, counseling sessions, lay-off decisions, and work assignments are all decisions that businesses make every day. . . . Even if these decisions were improperly motivated, they fall far short of the necessary standard of outrageous conduct beyond all bounds of decency."). Romaneck fails to address any of these cases in his opposition. Similarly, Romaneck ignores Defendants' argument that "[d]efamatory accusations are insufficient to give rise to an action for intentional infliction of emotional distress." *Walker*, 218 F. Supp. 2d at 1184 (citing *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493, 499 n.5, (1970); *Agostini v. Strycula*, 231 Cal. App. 2d 804, 806-09 (1965); *Perati v. Atkinson*, 213 Cal. App. 2d 472, 473-74 (1963)).

    Romaneck does not attempt to distinguish any of the above cases and instead relies solely on two older cases: *Wallis v. Superior Court*, 160 Cal. App. 3d 1109 (1984), and *Huber v. Standard Insurance Co.*, 841 F.2d 980, 987 (9th Cir. 1988).[2] However, in addition to predating the above line of cases, both of these cases are also factually distinguishable. In *Wallis*, the employer breached its obligation to pay an agreed upon stipend for Wallis's agreement not to compete, and Wallis asserted, among other claims, a claim for intentional infliction of emotional distress based on that breach. *Wallis*, 160 Cal. App. 3d at 1113. The California appellate court reversed the trial court's grant of a demurrer on Wallis's intentional infliction of emotional distress claim. *Id.* at 1120. Although, like Wallis, Romaneck also alleges that Defendants breached a contract regarding payment (in this case, of commissions), Romaneck fails to allege the sort of financial vulnerability, and the

---

[2] *Wallis* was overruled on other grounds by *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988), a case that also disagreed with *Huber* on other grounds.

7

1  employer's knowledge of such vulnerability, alleged by Wallis and relied upon by the court
2  of appeal in its holding. *Id.*

3  Similarly, in *Huber*, the employee was not allowed to stay on until his pension vested,
4  contrary to standard policy, and he was also told to vacate his office in one day even though
5  his termination was not effective for thirty days. *Huber*, 841 F.2d at 987. In addition,
6  Huber's employer voluntarily memorialized the purported reasons for his termination in a
7  letter, thereby leaving a record for future employers. *Id.* Here, there are no allegations that
8  Romaneck's termination violated company policy. Moreover, although Defendants did file a
9  Form U-5 with the NASD, Romaneck does not dispute that this was a required filing rather
10 than the voluntary paper trail created in *Huber*.

11 In light of all of the above, the Court finds that Romaneck has failed to rebut
12 Defendants' arguments that the alleged defamatory statements, the change in Defendants'
13 commissions policy, Defendants' alleged failure to accommodate and engage in the
14 interactive process, and Romaneck's termination, even if in violation of public policy, do not
15 rise to the level of outrageous conduct required to state a claim for intentional infliction of
16 emotional distress. Thus, Romaneck cannot base his intentional infliction of emotional
17 distress claim on any of these allegations.

18 However, Defendants have failed to persuade the Court that it would be impossible
19 for Romaneck to prove that Defendants' alleged conduct in pressuring Romaneck to testify a
20 certain way and, if Romaneck's allegations are to be believed, to lie under oath, constitutes
21 outrageous conduct. Likewise, the Court cannot say that Defendants' alleged attempt to use
22 Romaneck as a scapegoat does not, as a matter of law, constitute outrageous conduct.
23 Indeed, that sort of conduct falls outside regular management decisions and, depending on
24 what Romaneck proves at trial, may be the sort of behavior that could lead an average
25 member of the community to resent Defendants and exclaim, "Outrageous!" *See KOVR-TV,*
26 *Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995) (citing Restatement (Second) of
27 Torts § 46 cmt. d) ("Generally, conduct will be found to be actionable [on an intentional
28 infliction of emotional distress claim] where the 'recitation of the facts to an average member

1  of the community would arouse his resentment against the actor, and lead him to exclaim,
2  "Outrageous!"'"). Accordingly, although Romaneck may not recover for intentional
3  infliction of emotional distress for all of Defendants' alleged conduct, some of Romaneck's
4  allegations are sufficient to withstand a motion to dismiss. Defendants' motion to dismiss
5  Romaneck's ninth cause of action for intentional infliction of emotional distress is therefore
6  DENIED.

**III.  Motion to Dismiss Defamation Claim**

Defamation requires a false and unprivileged publication. Cal. Civ. Code §§ 44-46. The publication must be of a false statement of fact, as opposed to a statement of opinion. *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600 (1976).

Defendants correctly argue that the Form U-5 filed by Defendants with the NASD cannot form the basis for Romaneck's defamation claim because it is privileged. As a California appellate court recently held, "a Form U-5 filed with the NASD can be a precursor to an investigation. Consequently, it is protected from a suit for defamation under Civil Code section 47, subdivision (b)." *Fontani v. Wells Fargo Inv., LLC*, 129 Cal. App. 4th 719, 734-35 (2005); *see* Cal. Civ. Code § 47(b) (providing that, with certain exceptions not applicable here, a publication is privileged if it is made in a judicial, legislative, or other official proceeding). Romaneck argues that the privilege under section 47(b) is a "liability privilege" and not an "evidentiary privilege." Opp'n at 6. However, this only supports Defendants' argument that the statements in the Form U-5 cannot form the basis for liability for defamation. The case relied on by Romaneck stands only for the proposition that privileged statements may be admissible to show motive or intent for an abuse of process claim or other claim that is not "predicated on a judicial statement or publication itself," not that they may support a claim for defamation. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986).

Indeed, Romaneck apparently concedes that the Form U-5 itself cannot form the basis for liability and instead argues that other false and defamatory statements that "are entirely

9

separate from the U5 form . . . create the basis for actionable defamation." Opp'n at 6.  In particular, the complaint alleges that, when Romaneck was terminated, Defendant Winnick falsely stated that the reason for his termination was "performance" and then "market timing."  FAC ¶ 26.

The Court finds the alleged statement that Romaneck was terminated for "performance" to be too vague to support a claim for defamation.  Performance evaluations generally contain only statements of opinion and not fact. *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 966, 970-71 (1993) (statements in written evaluation that employee "had been the subject of some third party complaints, was not carrying his weight, had a negative attitude in dealing with others, evidenced a lack of direction in his project activities and was unwilling to take responsibility for the projects he oversaw" were not actionable statements of fact).  Therefore, if Romaneck's allegation is only that Defendants stated he was terminated for poor performance, that statement is not actionable because it is a statement of opinion.  However, if Defendants made actual statements of fact that could be disproved – for example, that Romaneck improperly engaged in market timing practices on a particular case or with a particular client – then it is possible that Romaneck may be able to state a defamation claim based on comments about his performance.  While Romaneck need not allege the exact words or circumstances forming the basis of his defamation claim, he needs at least to allege the substance of the allegedly defamatory statements; general allegations will not suffice. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997).

Defendants next argue that their alleged statement that Romaneck was terminated for engaging in market timing cannot give rise to defamation liability because, as a statement bearing some relation to the privileged Form U-5, the statement is privileged under California Civil Code section 47(b).  This argument is not persuasive.  California law is clear that the privilege under section 47(b) extends to statements made in preparation for an official proceeding or investigation.  *Rubin v. Green*, 4 Cal. 4th 1187, 1194-95 (1993). However, Defendants attempt to extend this proposition too broadly.  The Form U-5 is

10

privileged only because it was potentially made in preparation for an official proceeding by the NASD. *Fontani*, 129 Cal. App. 4th at 734-35. That is, the Form U-5 itself does not constitute an official proceeding, and Defendants have not persuaded the Court that statements related to that form, which itself is one step removed from an official proceeding, are protected.

Nor has Defendants' two-sentence argument persuaded the Court that the alleged "market timing" statement is conditionally privileged under California Civil Code section 47(c). Defendants fail to explain how section 47(c) applies to this case, but, even if it did apply, the Court finds that Romaneck has sufficiently alleged malice to overcome the privilege. Cal. Civ. Code § 47(c) (providing that a publication is privileged if made "[i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information"). Read in a light most favorable to Romaneck and assumed to be true, the factual allegations are sufficient to support a finding that Defendants "entertained toward [Romaneck] a feeling of hatred or ill will . . . going beyond that which the occasion apparently justifies . . . and different from that which prima facie rendered the communication privileged, and being a motive contrary to good morals." *Everett v. Cal. Teachers Ass'n*, 208 Cal. App. 2d 291, 295 (1962) (citations omitted) (defining what plaintiff must allege and prove to overcome the qualified privilege under section 47(c)).

In short, the Court does not find dismissal of Romaneck's defamation claim to be appropriate. Romaneck may not claim defamation based on statements contained in the privileged Form U-5, nor may he assert a defamation claim based on a vague statement that he was terminated for performance. However, Romaneck may base a defamation claim on the statement that he was terminated because he engaged in market-timing practices. Thus, with good cause appearing, the Court DENIES Defendants' motion to dismiss Romaneck's tenth cause of action for defamation.

11

### IV. Motion to Dismiss California Labor Code Section 1050 Claim

California Labor Code section 1050 provides that "[a]ny person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor." Section 1054 provides that civil penalties may be sought for a violation of section 1050. Section 1050 "applies only to misrepresentations made to prospective employers other than the defendant. It does not apply to misrepresentations made by employees of the defendant to other of the defendant's employees." *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 288-89 (1982).

Defendants argue that Romaneck fails to state a claim under section 1050 because the only statement allegedly giving rise to liability is the Form U-5, which cannot form the basis for liability because it is absolutely privileged. In his opposition, Romaneck counters that his section 1050 claim "is not based purely on absolutely privileged statements . . . because additional and separate statements were made outside of defendants' U5 Form actions." Opp'n at 8. However, none of the statements identified by Romaneck were made by Defendants to prospective employers. Accordingly, the Court GRANTS Defendants' motion to dismiss Romaneck's eleventh cause of action for violation of California Labor Code section 1050. Dismissal is without prejudice because it is not clear that Romaneck could not allege a cause of action if given leave to amend.

### V. Motion to Strike

Finally, Defendants seek to strike references to 42 U.S.C. § 1985(2) and California Labor Code section 1102.5 from paragraph 33 of the amended complaint. Romaneck does not dispute striking 42 U.S.C. § 1985(2) from the complaint and, instead, seeks leave to amend the complaint to cite 18 U.S.C. § 1514A in place of 42 U.S.C. § 1985(2). The motion to strike reference to 42 U.S.C. § 1985(2) is therefore GRANTED as unopposed. The Court agrees with Defendants that no leave to amend to cite 18 U.S.C. § 1514A is necessary

because paragraph 33 already alleges violation of public policy by violating the Sarbanes-Oxley Act of 2002, of which 18 U.S.C. § 1514A is a part.

Because the Court dismissed Romaneck's section 1102.5 claim, the Court also GRANTS the motion to strike reference to section 1102.5 in Romaneck's claim for wrongful termination in violation of public policy. However, if Romaneck can sufficiently state a claim under section 1102.5 in his second amended complaint, then he need not strike reference to that code section in the disputed paragraph.

**CONCLUSION**

For all of the above reasons, the Court finds good cause to GRANT IN PART and DENY IN PART Defendants' motion to dismiss and to GRANT Defendants' motion to strike. Romaneck is given leave to amend his second cause of action for violation of California Labor Code section 1102.5 and his eleventh cause of action for violation of California Labor Code section 1050. Romaneck may also amend his tenth cause of action for defamation to clarify the allegedly defamatory statement regarding his termination for "performance." Romaneck shall file his second amended complaint on or before **Friday, September 30, 2005.** Failure to file an amended complaint by that date shall result in dismissal with prejudice of the claims on which leave to amend was granted.

**IT IS SO ORDERED.**

DATED   09/06/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

13