THE ARMSTRONG LAW FIRM
Kelly Armstrong (SBN: 213036)
807 Montgomery Street
San Francisco, California 94133
Telephone: (415) 928-1293
Facsimile: (415) 928-1294
E-mail: *kellyalaw@aol.com*

STEVEN J. BRADY (SBN: 116651)
THE BRADY LAW GROUP
1015 Irwin Street
San Rafael, CA 94901
Telephone: (415) 459-7300
Facsimile: (415) 459-7303
E-mail: *bradydesk@aol.com*

Attorneys for Plaintiff
LAWRENCE ROMANECK

BRIAN L. JOHNSRUD (SBN: 184474)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Telephone: (415) 928-1293
Facsimile: (415) 928-1294
E-mail: *bjohnsrud@morganlewis.com*

Attorneys for Defendants
DEUTSCHE ASSET MANAGEMENT, DEUTSCHE BANK AG, DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC. SCUDDER DISTRIBUTORS, INC., TOM WINNICK

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ROMANECK,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DEUTSCHE ASSET MANAGEMENT, a Delaware corporation, DEUTSCHE BANK AG, a New York corporation, DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC., a corporation, SCUDDER DISTRIBUTORS, INC., a corporation, TOM WINNICK, an individual, INDIVIDUAL DOES 1-50 and CORPORATE DOES 51-100, inclusive,<br><br>　　　　　　Defendants. | Case No. C 05-02473 TEH<br><br>**STIPULATED PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3576386.1

(C 05-02473 TEH)

STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff LAWRENCE ROMANECK (hereafter "ROMANECK") and Defendants DEUTSCHE ASSET MANAGEMENT et al (collectively "the parties") will produce confidential documents as part of initial disclosures pursuant to Federal Rule of Civil Procedure 26 and in response to discovery requests:

WHEREAS, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information ("Confidential Information"), as more fully defined below in Paragraph 1;

WHEREAS, counsel for the parties are willing to enter into a Stipulation and Order as a condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery;

WHEREAS, counsel for the parties agree that by entering into this Stipulated Protective Order, the parties do not waive any objection to producing Confidential Documents based on privacy or confidentiality objections; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this Stipulated Protective Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.  <u>Confidential Information</u> shall constitute information that qualifies for protection under F.R.C.P. 26(c), as well as information subject to a legally protected right of privacy or privilege.

2.  <u>Designation of Confidential Information</u>.

    (a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon or by identifying or by designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a

deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs or correspondence. Confidential designations to deposition transcripts shall be made on the record during such deposition or within (30) days after the party desiring such designation receives the transcript of such deposition;

(c) The non-producing party shall have the right to designate documents produced by the producing party as "CONFIDENTIAL" as defined in Paragraph 1. The non-producing party that designates documents produced by the producing party as "CONFIDENTIAL" shall immediately, and not later than thirty (30) days after the documents were produced, notify the producing party in writing of the "CONFIDENTIAL" designation and shall specifically identify the Bates numbers of the documents the non-producing party designated as "CONFIDENTIAL".

3. Confidential information shall be used solely for the preparation, trial and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order, or other legal process.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants and staff members working on the action;

(b) The parties themselves and any employees, advisors, or agents of the parties who assist the parties or attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulation and Protective Order and agree to abide by the same (per Exhibit A hereto) unless that person is or was otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(c) Independent consultants and/or experts retained by the parties to work on the action; provided, however, that before any such consultant or expert is shown or receives any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3576386.1         2         (C 05-02473 TEH)
STIPULATED PROTECTIVE ORDER

Confidential Information s/he must read a copy of this Stipulation and Protective Order and agree to abide by the same (per Exhibit A hereto);

(d) Witnesses interviewed by a party's representatives or attorney, or persons deposed in this lawsuit, provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness s/he must read a copy of this Stipulation and Protective Order and agree to abide by the same (per Exhibit A hereto) unless that person is or was otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(e) Stenographic reporters and videographers engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the undersigned counsel for plaintiff and counsel for defendant shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging confidential status of information claimed to be restricted by this Stipulation and Protective Order shall bring the dispute before the Court for a determination. The party who designated the document confidential bears the burden of proving that the document should be designated as Confidential Information.

6. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of the above-identified Court, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

7. This order shall in no way impair the right of any party to raise or assert a defense

or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

8. Confidential Information shall be placed under seal in submissions to the Court only where redacting, coding identities, summarizing or other objective treatment cannot be made.

9. In the event that any Confidential Information not covered by paragraph 8 above is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall submit the papers to the court along with a request to file under seal pursuant to Civil Local Rile 79-5.

10. The party designating material as "CONFIDENTIAL" shall have the right at any time to remove the "CONFIDENTIAL" designation from the material that designating party previously marked as Confidential Material. The designating party that removes the "CONFIDENTIAL" designation from the material the designating party previously marked as "CONFIDENTIAL" shall immediately notify the non-designating party in writing and shall specifically identify the Bates numbers of the Confidential Material from which the designating party removed the "CONFIDENTIAL" designation.

11. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent, or otherwise, non-designation, the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order.

12. Within sixty (60) days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information not covered by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3576386.1                            4                          (C 05-02473 TEH)
STIPULATED PROTECTIVE ORDER

paragraph 8 above, and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the party who produced the Confidential Information or the party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed, except that counsel may retain one copy of each such document in a secure location which will ensure that the Confidential Information is not revealed to any person other than counsel's agents for three years, after which all such copies shall be destroyed or returned to the designating party. The documents retained pursuant to this exception shall be used solely for purposes of any client-related dispute, action or claim, and shall not be used or revealed for any other purpose except in response to a subpoena or other legal process. However, defendant agrees at the end of all litigation proceedings in this action to return or destroy plaintiff's medical information that defendant claims in discovery during this litigation.

The parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

13. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

14. The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: February 16, 2006          THE ARMSTRONG LAW FIRM

                                  By: _____
                                  Kelly Armstrong
                                  Attorney for Plaintiff LAWRENCE ROMANECK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3576386.1                         5                          (C 05-02473 TEH)
                              STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: February 16, 2006 | THE BRADY LAW FIRM |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Steven J. Brady<br>Attorney for Plaintiff LAWRENCE ROMANECK |
| 5 | Dated: February 16, 2006 | MORGAN LEWIS & BOCKIUS LLP |
| 6 | | |
| 7 | | By: _____<br>Brian L. Johnsrud |
| 8 | | DEUTSCHE ASSET MANAGEMENT, DEUTSCHE BANK AG, DEUTSCHE |
| 9 | | INVESTMENT MANAGEMENT AMERICAS, INC. SCUDDER DISTRIBUTORS, INC., TOM |
| 10 | | WINNICK |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 02/22/06                                    _____
                                                    United States District Court Judge

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Thelton E. Henderson]

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3576386.1                           6                           (C 05-02473 TEH)
                              STIPULATED PROTECTIVE ORDER

## **EXHIBIT A**

AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

      I, the undersigned, hereby acknowledge that I have received a copy of the foregoing Stipulated Protective Order (the "Agreement"), have read same and agree to be bound by all provisions thereof. I irrevocably submit myself to the jurisdiction of the United States District Court, Northern District of California for purposes of the enforcement of this Agreement. I understand that if I violate the terms of the Agreement, I may be subject to appropriate sanctions by the Court.

DATED:_____                    _____

 

_____