UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ROMANECK, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEUTSCHE ASSET MANAGEMENT, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 05-2473 TEH (JL)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUBMIT TO MENTAL AND PHYSICAL EXAMINATION (Docket # 46)** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Thelton E. Henderson) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The parties met and conferred in person and through e-mail correspondence but were unable to resolve their dispute.

**Background**

Plaintiff sued Defendants in San Francisco Superior Court and Defendants removed the case to this district. Defendants are DEUTSCHE ASSET MANAGEMENT, a Delaware corporation, DEUTSCHE BANK AG, a New York corporation, DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC., a corporation, SCUDDER DISTRIBUTORS, INC. (hereafter collectively referred to as "defendants" or "DEUTSCHE.")

In his Third Amended Complaint filed April 6, 2006, Plaintiff alleges causes of action for wrongful termination in violation of public policy, whistle blower retaliation under California Labor Code §1102.5, disability discrimination under the California Fair Employment and Housing Act (FEHA), breach of implied contract, and breach of the covenant of good faith and fair dealing. Plaintiff demanded a jury trial.

Plaintiff worked for Defendants as an investment advisor and claims he was fired for cooperating with the Securities and Exchange Commission on an investigation into alleged improper activities by Defendants with respect to shareholders' accounts. This case involves a term known within the securities industry as "market timing," of mutual funds, which is known as rapid in-and-out trades, frequently prohibited because it can disadvantage ordinary shareholders. It is estimated that market-timing abuses cost fund investors approximately five billion dollars per year.

## This Motion

Defendants ask this court to order Plaintiff to submit to a one-day mental examination with their expert, Dr. James Missett, and his consultant, Dr. William Lynch. The purpose of this examination would be to take evidence to rebut Plaintiff's testimony and the anticipated testimony of his health care providers regarding his emotional distress. Defendants characterize Plaintiff's claim as beyond "garden variety" emotional distress, since he testified that her has seen two therapists, two medical doctors and has taken seven prescribed medications for emotional distress.

In addition, Defendants requests that the court order Plaintiff to submit to a physical examination by orthopedist Dr. James Glick to evaluate his alleged disability, an arm injury in connection with his claim for disability discrimination.

Plaintiff urges the court to deny Defendants' motion to compel a mental examination, because he is not claiming emotional distress beyond garden variety and no expert testimony regarding the usual mental and emotional distress associated with wrongful termination will be presented at trial. Plaintiff dismissed his claim for intentional infliction of

1  emotional distress and has never claimed that his emotional condition exceeded the
2  emotional distress associated with the termination of his employment.
3       Plaintiff asks the court also to deny Defendants' motion to compel a physical
4  examination. His claim of disability discrimination relates to his physical condition when he
5  was terminated in May 2004, not his present condition. He was injured in April 2004 and
6  has a separate worker's compensation case in which Defendants' worker's compensation
7  representative has already subjected him to multiple medical examinations to ascertain his
8  physical condition.
9       After the close of briefing the parties submitted letters in which they disagreed
10 whether Plaintiff planned to offer at trial the testimony of one or more of his treating
11 physicians or psychotherapists as a percipient witness to his emotional distress following
12 his termination.

### Analysis and Order

14      A court will deny a motion by a defendant to compel the mental examination of a
15 plaintiff where the plaintiff has not brought an action for intentional or negligent infliction of
16 emotional distress, has not alleged that he suffers from a specific psychiatric injury or
17 disorder as a result of defendants' conduct, does not claim to suffer from unusually severe
18 emotional distress, does not intend to offer expert testimony regarding his emotional
19 distress and has not conceded that his mental condition is "in controversy." Rather, he
20 claims damages for emotional distress which he says that he suffered as a result of
21 defendants' actions alleged in his complaint. *Turner v. Imperial Stores*, 161 F.R.D. 89, 98
22 (S.D.Cal. 1995)
23      This maybe the situation in the case at bar.  If Plaintiff does not offer the testimony
24 of any of Plaintiff's treating physicians or psychotherapists as to his emotional distress
25 following his termination, then this Court denies Defendants' motion to compel Plaintiff's
26 mental examination. However, if Plaintiff decides to offer the testimony of his treating
27 physicians or psychotherapists regarding his emotional distress following his termination,
28 then this Court finds that Plaintiff has introduced the issue of a particular psychiatric

diagnosis or injury and has therefore placed his mental state at issue. Accordingly, if Plaintiff were to offer such testimony, then Defendant would be entitled to his mental examination with Dr. Missett and Dr. Lynch.

At the hearing of this motion, the Court advised Plaintiff's counsel that she must decide within twenty-one days of the date of the hearing, May 31, whether or not to call these witnesses at trial.

This Court finds that Plaintiff's intent to offer his own testimony regarding his emotional distress or his treatment does not justify ordering him to submit to a mental examination.

With respect to Defendants' motion to compel a physical examination, Rule 26, Federal Rules of Civil Procedure, permits a party to take discovery of any non-privileged information which may lead to the discovery of admissible evidence. Plaintiff states convincingly that his physical examination today will not lead to the discovery of admissible evidence regarding his alleged disability when he was terminated in May 2004. Consequently, this court denies Defendants' motion to compel Plaintiff's physical examination.

IT IS SO ORDERED.

DATED: June 6, 2006

_____
JAMES LARSON
Chief Magistrate Judge