IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE ROMANECK,

          Plaintiff,

    v.

DEUTSCHE ASSET MANAGEMENT, et al.,

          Defendants.

NO. C05-2473 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      This matter came before the Court on Monday, August 14, 2006, on Defendants' motion for summary judgment.[1] After carefully considering the parties' written and oral arguments, the record herein, and governing law, the Court now GRANTS IN PART and DENIES IN PART Defendants' motion for the reasons discussed below.

**BACKGROUND**

      Plaintiff Lawrence Romaneck worked for Defendant Deutsche Asset Management as the Director of Sales for the Western Region from 1996 to 2004. Deutsche Bank terminated Romaneck on May 12, 2004, claiming Romaneck's involvement with facilitating market timing by one of Deutsche Bank's clients as the basis for his termination.[2] Romaneck contends that this proffered reason was pretextual, and that he was terminated in violation of several statutes, including those prohibiting age discrimination, disability discrimination,

---

[1] Romaneck has named the following entities as Defendants: Deutsche Asset Management, Deutsche Bank AG, Deutsche Investment Management Americas, Inc., and Scudder Distributors, Inc. All of these entities are represented by the same counsel, and all have jointly filed this motion for summary judgment. In this order, the Court adopts Defendants' shorthand of referring to all Defendants collectively as "Deutsche Bank."

[2] Market timing involves the quick buying and selling of shares in mutual funds in an attempt to profit from short-term fluctuations in value.

1 whistleblower retaliation, and retaliation for using medical leave. Based on his contention
2 that his supervisor orally promised that his employment would be secure if he agreed to give
3 up part of his mutual fund business and replace it with insurance product sales, Romaneck
4 also asserts claims for breach of implied contract and breach of the implied covenant of good
5 faith and fair dealing. In the motion currently before the Court, Deutsche Bank moves for
6 summary judgment on all of Romaneck's claims.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the District Court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the moving party meets its initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250.

2

**DISCUSSION**

**I.     Wrongful Termination in Violation of Public Policy Claim**

Romaneck's first cause of action is a claim for wrongful termination in violation of public policy. He predicates this claim on several statutes, including the age and disability provisions of the Fair Employment and Housing Act ("FEHA"), state and federal leave statutes, and state and federal whisteblowing statutes. The California Supreme Court has explained that:

> when a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition, but the common law claim is not subject to statutory procedural limitations affecting only the availability and scope of nonexclusive statutory remedies.

*Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997).

**A.     Age and Disability Discrimination**

The parties agree that the three-part *McDonnell Douglas* burden-shifting approach applies to Romaneck's claims based on age and disability discrimination. Under that test, the plaintiff bears the initial burden of establishing a prima facie case of discrimination, meaning that, "[g]enerally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000) (citations omitted). If the plaintiff establishes a prima facie case, then a presumption of discrimination arises and "the burden shifts to the employer to rebut the presumption by producing admissible evidence, sufficient to 'raise[] a genuine issue of fact' and to 'justify a judgment for the [employer],' that its action was taken for a legitimate, nondiscriminatory reason." *Id.* at 355-56 (citations omitted). The presumption of discrimination disappears if the employer satisfies its burden, and the plaintiff "must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of

3

1 discriminatory motive. In an appropriate case, evidence of dishonest reasons, considered
2 together with the elements of the prima facie case, may permit a finding of prohibited bias."
3 *Id.* at 356 (citations omitted).

4       After carefully reviewing the evidence submitted by the parties, the Court concludes
5 that there is a genuine dispute as to whether Deutsche Bank's proffered reason for
6 terminating Romaneck was the true reason for his termination. Based on that dispute,
7 combined with Deutsche Bank's assumption for purposes of this motion that Romaneck can
8 state a prima facie case of discrimination, the Court DENIES Deutsche Bank's motion for
9 summary judgment on Romaneck's wrongful termination claim based on age and disability
10 discrimination.[3]

11     **B.   Federal and State Leave Statutes**

12       The parties agree that Romaneck's claim based on unlawful denial of family leave is
13 governed by *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112 (9th Cir. 1999). Thus,
14 to prevail on this claim, Romaneck must "prove by a preponderance of the evidence that [his]
15 taking of FMLA [Family and Medical Leave Act]-protected leave constituted a negative
16 factor in the decision to terminate [him]." *Id.* at 1125. Romaneck need not have invoked
17 FMLA or its state counterpart, the California Family Rights Act, by name, but he must have
18 at least put Deutsche Bank on notice that leave for a permissible reason was needed. *Id.* at
19 1130-31 (citing 29 C.F.R. § 825.302(c)); *Gibbs v. Am. Airlines, Inc.*, 74 Cal. App. 4th 1, 9
20 (1999) (citing Cal. Code Regs. tit. 2, § 7297.4(a)(1)).

21      In this case, Romaneck presented Deutsche Bank with a doctor's note on May 6,
22 2004, six days prior to his termination date, stating that Romaneck was restricted from travel
23 from May 6 to May 20, 2004. Romaneck claims that because he worked as an outside
24 salesman, an injury prohibiting travel was equivalent to an injury requiring leave. This
25 claim, however, is completely undermined by Romaneck's testimony that he did not stop
26 working until his termination date and "was taking care of my business as best I could from

---

28     [3]Of course, Deutsche Bank remains free to challenge Romaneck's ability to state a prima facie case at trial.

4

my home." Romaneck Workers' Comp. Dep. at 31:12-18 (Johnsrud Decl. Ex. I). Notably, Romaneck cites no evidence that he ever stopped working prior to his termination date or that he ever requested leave prior to his termination. Instead, the only evidence in the record indicates that Romaneck did not request leave until after his termination. Goldfarb Decl. Ex. A at 0354 (stating that Romaneck requested leave on May 14, 2004, retroactive to May 6, 2004); Walker Decl. Ex. A (fax from Romaneck dated May 6, 2004, explaining only that he was restricted from any travel, but not requesting leave); *Id.* Ex. B (e-mail from Romaneck requesting leave on May 19, 2004). As a result, Romaneck may not recover for wrongful termination based on his request for leave because there is no evidence that he actually made any request for leave prior to his termination. The Court therefore GRANTS Deutsche Bank's motion for summary judgment on Romaneck's wrongful termination claim based on the state and federal leave statutes.

### C. California Civil Labor Code Section 1102.5

California Labor Code section 1102.5(b) provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation." To establish a prima facie case of retaliation under this statute, a plaintiff must show three elements: (1) protected activity, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse employment action. *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005). If the plaintiff makes out a prima facie case, then it is the defendant's burden to "provide a legitimate, nonretaliatory explanation for its acts." *Id.* Even if the defendant makes such a showing, the plaintiff may still prevail if he or she can "show this explanation is merely a pretext for the retaliation." *Id.*

Deutsche Bank first argues that Romaneck's claim is barred for failure to exhaust administrative remedies. However, the California Supreme Court has explicitly ruled that a common law wrongful termination claim based on a statutory prohibition is not subject to the

5

underlying statute's administrative exhaustion requirements. *Stevenson*, 16 Cal. 4th at 904-05. Given this explicit ruling, the Court is not persuaded by Deutsche Bank's oral argument that what Deutsche Bank admits is dicta in the *Campbell* decision, discussed in Section II below, should control this Court's decision on the exhaustion issue.

Deutsche Bank also argues that section 1102.5 only protects voluntary whistleblowing and therefore does not apply to Romaneck's subpoenaed testimony and production of documents to the SEC. However, nothing in the statute limits its application to voluntary disclosures, and Deutsche Bank has failed to persuade the Court that it should read the word "voluntarily" into the statute.

On Romaneck's claim based on "incurr[ing] the wrath of his employer because he would not comply with his employer's demand that he conceal evidence or give false testimony," Opp'n at 16, Deutsche Bank does not dispute that this would be an adequate basis for liability, nor does the company argue lack of causation on this issue. Instead, the only argument raised by Deutsche Bank is that there is no evidence that Romaneck was ever instructed to conceal evidence or give false testimony. Although Deutsche Bank is correct that Romaneck cites no evidence that he was ever explicitly told to conceal evidence or give false testimony, the evidence viewed in a light most favorable to Romaneck could lead a reasonable juror to infer that such instruction was implied. Accordingly, the Court DENIES Deutsche Bank's motion for summary judgment on Romaneck's wrongful termination claim based on California Labor Code section 1102.5 with respect to Romaneck's refusal to comply with a request to conceal evidence or give false testimony.

Deutsche Bank does, however, successfully argue that Romaneck fails to raise a triable issue as to causation with respect to any claim based on production of documents or actual testimony given to the SEC. Romaneck contends that "[t]he people directly involved in the decision to terminate [him] were William Shiebler, Tom Hughes (Shiebler's superior), Tom Eggers . . ., who was the CEO of the Scudder business, and Kathy Thompson from

6

HR." Opp'n at 9.[4] However, Romaneck does not dispute that his actual testimony before the SEC did not occur until after his termination, and he therefore cannot contend that the four identified individuals decided to terminate him because of the testimony he gave to the SEC. In addition, Romaneck presents no evidence that any of these individuals knew of his production of documents to the SEC prior to making the decision to terminate him. For example, when asked if he told anyone at Deutsche Bank prior to his termination that he had provided documents to the SEC, Romaneck testified that he did not remember. Romaneck Dep. at 292:6-23 (Johnsrud Ex. A).[5] At oral argument, Romaneck's counsel stated that e-mail correspondence demonstrated that Romaneck's prior legal counsel informed Deutsche Bank's legal counsel that Romaneck had produced documents to the SEC, and that Kathleen Spiller, a human resources representative, testified that she spoke with Deutsche Bank's legal counsel about Romaneck's termination. This argument fails for two reasons: first, because Romaneck presented no evidence of the alleged e-mail correspondence as part of the summary judgment record and, second, because Romaneck, as noted above, does not contend that Spiller or Deutsche Bank's legal counsel were among the group of four individuals who were involved in the decision to terminate Romaneck's employment. Thus, based on all of the above, the Court GRANTS Deutsche Bank's motion for summary judgment on Romaneck's wrongful termination claim based on California Labor Code section 1102.5 with respect to Romaneck's production of documents to the SEC and Romaneck's actual testimony before the SEC. *See Cocchi v. Circuit City Stores, Inc.*, No. C-05-1347 JCS, 2006 WL 870736, at *7-8 (granting summary judgment to defendants on whistleblower claim

---

[4] Although this page of Romaneck's opposition was filed under seal, the quoted portion relies only on deposition testimony that was not filed under seal. *See* Ex. A to Armstrong Decl. in Supp. of Pl.'s Admin. Request to File Portions of Certain Documents Under Seal (listing page numbers of and exhibits to depositions to be filed under seal and not including Shiebler Dep. at 5:7-6:7).

[5] This testimony refers only to documents that Romaneck secured on his own and provided to the SEC and does not include the documents that Deutsche Bank supplied to Romaneck to provide to the SEC. However, as Deutsche Bank argues without any rebuttal from Romaneck, it would be unreasonable to infer that Deutsche Bank would terminate Romaneck for providing documents to the SEC that Deutsche Bank itself provided to Romaneck for that purpose.

7

1 under California Labor Code section 6310 where plaintiff failed to present evidence that any
2 individual playing a material role in the decision to terminate him had knowledge of the
3 plaintiff's alleged protected activities).

### D. Sarbanes-Oxley Act

To prevail on a whistleblower claim under the Sarbanes-Oxley Act ("SOX"), a plaintiff must show that: "(1) [he] engaged in protected activity; (2) the employer knew of the protected activity; (3) [he] suffered an unfavorable personnel action; and (4) circumstances exist to suggest that the protected activity was a contributing factor to the unfavorable action." *Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp. 2d 310, 322 (S.D.N.Y. 2006) (citation omitted).

Deutsche Bank first argues that it is entitled to summary judgment on this claim because Romaneck failed to exhaust his administrative remedies. As discussed in the previous subsection, however, a plaintiff asserting a common law tort claim for wrongful termination based on a particular statute need not comply with that statute's administrative remedies. *Stevenson*, 16 Cal. 4th at 904-05. Therefore, it is irrelevant that Romaneck has not complied with the statutory enforcement scheme provided for by SOX because Romaneck does not assert a statutory claim under that act.

Deutsche Bank next argues that Romaneck cannot establish that he engaged in protected activity. In its moving papers, Deutsche Bank argued that neither Romaneck's alleged conversations with Mixter and Gambino nor his alleged reports of other market timers constitutes protected activity under the statute. In his opposition, Romaneck stated that he never contended that these were protected activities and, instead, argued that his protected activity consisted of his anticipated testimony before the SEC. In its reply, Deutsche Bank correctly observed that Romaneck did not tie his comments about his anticipated testimony – namely, that he would tell the whole truth and let the chips fall where they may – to any specific SOX violations.

Deutsche Bank relies on a recent decision by the Department of Labor's Administrative Review Board to argue that such general comments do not constitute

8

1  protected activity: "Where a complainant refuses to act but does not relate such refusal to a
2  concern about potential fraud or another possible SOX violation, such refusal does not
3  necessarily 'provide information' about a SOX violation." *Henrich v. Ecolab, Inc.*, ARB
4  Case No. 05-030, ALJ Case No. 04-SOX-51, 2006 DOLSOX LEXIS 77, at *25 (June 29,
5  2006). However, the "provide information" language is only found in one prong of SOX's
6  whistleblower provisions. The statute protects employees who "provide information, cause
7  information to be provided, or otherwise assist in an investigation regarding any conduct
8  which the employee reasonably believes constitutes a violation of" various securities laws,
9  18 U.S.C. § 1514A(a)(1), but it also protects employees who "file, cause to be filed, testify,
10 participate in, or otherwise assist in a proceeding filed or about to be filed (with any
11 knowledge of the employer) relating to an alleged violation of" securities laws, 18 U.S.C. §
12 1514A(a)(2). Deutsche Bank concedes that Romaneck's production of documents falls
13 under the latter category, and the company has failed to persuade the Court that Romaneck's
14 anticipated testimony before the SEC does not also fall into this category. Thus, the
15 definition of "provide information" is irrelevant, and the Court does not find Deutsche
16 Bank's argument that Romaneck cannot establish any protected activity under SOX to be
17 persuasive.

18 Deutsche Bank alternatively argues that, even if Romaneck can establish protected
19 activity, there is no evidence of causation. As to Romaneck's production of documents to the
20 SEC, the Court agrees that Romaneck has failed to create a triable issue as to causation for
21 the reasons discussed in Section I.C above. As to Romaneck's anticipated testimony,
22 however, Romaneck offers testimony that Kathleen Spiller, a human resources
23 representative, told Romaneck that Shiebler made the decision to terminate him because "he
24 wasn't going to be a team player and he was going to spill the beans on everything he knew
25 about market timing." Romaneck Dep. at 301:16-302:4 (Armstrong Decl. Ex. A). Although
26 Romaneck later contradicted that testimony by testifying that Spiller told him that Shiebler
27 ordered his termination but "didn't tell [him] anything other than that," *id.* at 326:17-22
28 (Johnsrud Decl. Ex. A), which version of Romaneck's story to believe is a question for the

9

jury, and summary judgment on the basis of lack of causation would therefore be inappropriate.

## II. Whistleblower Claim under California Labor Code Section 1102.5

Romaneck's second cause of action is a statutory claim for whistleblower retaliation under California Labor Code section 1102.5. The parties dispute whether a plaintiff must exhaust administrative remedies prior to bringing suit under this statute. Although section 1102.5 does not explicitly contain an exhaustion requirement, the California Supreme Court has held that the absence of a clear legislative intent to the contrary requires application of the "settled rule requiring exhaustion of administrative remedies" before allowing a plaintiff to state a claim under section 1102.5. *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 333 (2005); *see also id.* at 329-31. *Campbell* concerned an internal administrative review process and did not discuss any potential statutory administrative remedies, but a district court in the Eastern District of California has twice held that an administrative remedy for a claimed section 1102.5 violation exists pursuant to California Labor Code section 98.7 and that, based on *Campbell*, that remedy must be exhausted before a plaintiff can file suit. *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1179-80 (E.D. Cal. 2005);[6] *Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2006 WL 2016536, at *22-23 (E.D. Cal. July 17, 2006). This Court agrees for the reasons discussed below.

Section 98.7 provides that "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the

---

[6] In a subsequent order not cited by either party, the *Neveu* court noted that it was sufficient to survive a motion to dismiss for the plaintiff to allege that he filed a government tort claim and that filing such a claim exhausted all available administrative remedies. *Neveu v. City of Fresno*, No. 104CV06490OWWJLD, 2005 WL 2562717, at *6 (E.D. Cal. Oct. 8, 2005). The plaintiff did not allege that he filed a claim with the Labor Commissioner but instead argued that the Labor Commissioner's office had no procedure in place to file such claims. *Id.* The court concluded that the truth of "Plaintiff's allegation that there were no adequate administrative remedies for § 1102.5 claims (including but not limited to the practical unavailability of filing a claim with the Labor Commissioner) is a question of fact for the fact-finder." *Id.* In this case, unlike *Neveu*, Romaneck does not allege that he could not have filed a complaint with the Labor Commissioner under section 98.7.

occurrence of the violation." Romaneck does not dispute that section 98.7 applies to section 1102.5 claims but instead argues that he should not be required to exhaust the remedy provided for by section 98.7 because section 1102.5 does not contain a provision requiring exhaustion of administrative remedies. However, the California Supreme Court explicitly rejected this argument in *Campbell*, 35 Cal. 4th at 329-31.

Romaneck further argues that administrative exhaustion should not be required because section 98.7(f) provides that "[t]he rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law." No court appears to have explicitly ruled on whether such language means that exhausting section 98.7 remedies is not required, but the California Supreme Court in *Campbell* reiterated the rule "that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Campbell*, 35 Cal. 4th at 321 (citation omitted). Here, an administrative remedy is clearly provided by statute, and therefore administrative exhaustion is required. Because it is undisputed that Romaneck failed to exhaust his administrative remedies, the Court GRANTS Deutsche Bank's motion for summary judgment on Romaneck's section 1102.5 claim.

## III. Disability Discrimination Claim

Romaneck's third cause of action is for disability discrimination under FEHA. As discussed above in Section I.A, Deutsche Bank is not entitled to summary judgment on Romaneck's wrongful termination claim based on disability discrimination because Romaneck has raised a triable issue of fact as to whether Deutsche Bank's proffered reason for his termination was legitimate. The parties agree that Romaneck's statutory disability claim rises or falls with his wrongful termination claim based on disability discrimination, and the Court therefore also DENIES Deutsche Bank's motion on Romaneck's statutory claim for disability discrimination under FEHA.

**IV.   Breach of Implied Contract Claim**

Romaneck's fourth cause of action is for breach of implied contract. Romaneck bases this claim on a 2003 representation by Tom Winnick, his former supervisor, that Romaneck's employment with Deutsche Bank "would be secure and permanent" if Romaneck agreed "to relinquish approximately half of [his] mutual fund business and replace it with insurance product sales." Romaneck Decl. ¶ 4. Romaneck contends that his conversation with Winnick "create[d] an implied promise that he would not be terminated except for good cause," but that he was nonetheless terminated without good cause. Opp'n at 23. Although the third amended complaint also claims a breach of implied contract based on an alleged failure "to provide Plaintiff with the commission wages owed to him," Third Am. Compl. ¶ 42, Romaneck abandoned that claim in his opposition, Opp'n at 23 ("Contrary to defendant's contentions, Larry Romaneck's claims for breach of implied contract and the implied covenant of good faith and fair dealing are not based on the Deutsche employee handbook or on a claim for unpaid commissions or benefits."). Nor does Romaneck contend that anything other than the alleged conversation he had with Winnick constitutes an implied agreement that Romaneck would only be terminated for good cause.

However, Romaneck does not dispute that Deutsche Bank's employee handbook expressly created an at-will employment relationship, meaning that "an employee or Deutsche Bank may terminate the employment relationship at any time, for any lawful reason or for no reason, with or without notice." Spiller Decl. Ex. A at 6. The handbook further explained that an employee's "at-will status can be changed only through a writing signed by [the employee] and two Deutsche Bank officers, one of whom must be in the Human Resources department." *Id.*

Romaneck argued for the first time at oral argument that he never received a copy of the employee handbook, but, in addition to being untimely because it was not raised in Romaneck's opposition papers, this argument is unpersuasive because Romaneck presented no evidence to support his assertion that he never received a physical copy of the handbook. Moreover, Romaneck has offered nothing to rebut the evidence submitted by Deutsche Bank

12

1 that the employee handbook was available electronically and easily accessible from the
2 company's internal homepage.  Without any evidence to support Romaneck's belated
3 assertion at oral argument, the Court cannot conclude that there is a genuine factual dispute
4 over whether Romaneck ever received a copy of the employee handbook.

5       Thus, any oral agreement between Winnick and Romaneck cannot be considered as
6 evidence of a change in Romaneck's at-will status because the employee handbook
7 specifically required a written agreement to change such status.  *See Marani v. Jackson*, 183
8 Cal. App. 3d 695, 705-06 (1986).  *Foley v. Interactive Data Corp.*, the single case relied on
9 by Romaneck to oppose Deutsche Bank's motion on this cause of action, is inapposite
10 because, although the employment agreement at issue in *Foley* "did not state any limitation
11 on the grounds for which plaintiff's employment could be terminated," it also failed to
12 include a written at-will employment clause that required any modification to be in writing.
13 *See* 47 Cal. 3d 654, 663-64 (1988) (discussing facts of case).  Moreover, as a matter of law,
14 Romaneck could not have reasonably relied on an alleged implied promise that contradicted
15 the written at-will provisions of the employee handbook.  *Eisenberg v. Alameda Newspapers,*
16 *Inc.*, 74 Cal. App. 4th 1359, 1390 (2000).[7]  Based on all of the above, the Court GRANTS
17 Deutsche Bank's motion for summary judgment on Romaneck's claim for breach of implied
18 contract.

19

20 **V.    Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

21       Romaneck's fifth and final cause of action is for breach of the implied covenant of
22 good faith and fair dealing.  Romaneck's opposition makes clear that this claim relies on the
23 same facts as his claim for breach of implied contract – i.e., it is based on "an implied
24 promise that he would not be terminated except for good cause."  Opp'n at 23.

25       The California Supreme Court has held that a breach of implied covenant claim is not
26 actionable under these circumstances.  *Guz*, 24 Cal. 4th at 348-53.  The only argument raised

---

[7] Although Romaneck asserted at oral argument that it was reasonable for him to rely on the oral representations of his supervisor, he cited no legal authority to support that proposition or to rebut *Eisenberg*.

13

by Romaneck in opposition is that the California Supreme Court's decision in *Foley*, a case that pre-dates *Guz*, supports his breach of implied covenant claim. However, the passage Romaneck relies on from *Foley* relates to a breach of implied contract claim, not a breach of implied covenant claim. *Foley*, 47 Cal. 3d at 682. In fact, the *Foley* court explained that "the employment relationship is fundamentally contractual, and several factors combine to persuade us that in the absence of legislative direction to the contrary contractual remedies should remain the sole available relief for breaches of the implied covenant of good faith and fair dealing in the employment context." *Id.* at 696. Thus, the *Foley* court held, "with regard to an at-will employment relationship, breach of the implied covenant cannot logically be based on a claim that a discharge was made without good cause." *Id.* at 698 n.39. Accordingly, in light of both *Foley* and *Guz*, the Court GRANTS Deutsche Bank's motion for summary judgment on Romaneck's claim for breach of the implied covenant of good faith and fair dealing.

**CONCLUSION**

In sum, the Court GRANTS IN PART and DENIES IN PART Deutsche Bank's motion for summary judgment as follows:

1. The motion is GRANTED IN PART and DENIED IN PART as to Romaneck's first cause of action for wrongful termination in violation of public policy. The motion is DENIED to the extent that this claim is based on alleged violations of (a) FEHA's age and disability discrimination provisions and (b) the Sarbanes-Oxley Act and California Labor Code section 1102.5 with respect to Romaneck's anticipated testimony before the SEC. The motion is GRANTED to the extent that the claim is based on alleged violations of (a) the state and federal leave statutes and (b) the Sarbanes-Oxley Act and California Labor Code section 1102.5 with respect to Romaneck's production of documents to the SEC and Romaneck's actual testimony before the SEC.

2. The motion is GRANTED as to Romaneck's second cause of action for whistleblower retaliation under California Labor Code section 1102.5.

3. The motion is DENIED as to Romaneck's third cause of action for disability discrimination under FEHA.

4. The motion is GRANTED as to Romaneck's fourth and fifth causes of action for breach of implied contract and for breach of the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED.**

Dated: 08/17/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT