IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE ROMANECK,

         Plaintiff,

v.

DEUTSCHE ASSET MANAGEMENT, et al.,

         Defendants.

NO. C05-2473 TEH

ORDER RE: AUGUST 28, 2006 CASE MANAGEMENT CONFERENCE

      The Court has reviewed the parties' joint statement for the August 28, 2006 case management conference, and the Court wishes to raise the following issues prior to the conference:

      1. The parties now propose a trial date "no earlier than late March 2007 given the professional calendars of their respective trial counsel." However, until the Court vacated the original trial date on July 27, 2006, this case was set to begin trial on September 12, 2006. In addition, on July 26, 2006, the parties jointly requested a trial date of October 31, 2006. It is unclear to the Court why such a substantial delay in the trial date is now warranted, and the parties shall be prepared at the case management conference to present to the Court, under penalty of perjury, their trial schedules, including case names and court locations, between October 2006 and March 2007.

      2. The parties now estimate a 15-day jury trial. This appears to be an overestimate of the time it will take to try this case, especially given the parties' original estimate of 10 to 15 days and the Court's summary judgment ruling that eliminated several of Plaintiff's claims. The parties shall be prepared to discuss a more reasonable trial estimate at the case management conference. The Court may also impose time limits at or before the pretrial conference.

1    3. The parties propose that "[a]ny further pretrial motions to resolve any substantive
2 legal issue shall be heard no later than 45 calendar days before the scheduled trial date." The
3 Court rejects the parties' proposal. The parties shall not have a second opportunity to file
4 dispositive motions simply because the trial date was continued. The only motions the Court
5 will entertain at this stage of the case are motions in limine. Moreover, as the Court advised
6 in its order for pretrial preparation, "[a]ny party that attempts to resolve a purely legal
7 substantive issue by a motion in limine, or by any motion filed after the deadline below [in
8 this case, June 19, 2006], may expect the imposition of substantial sanctions for failure to
9 comply with this order." Nov. 7, 2005 Order for Pretrial Preparation at 2.

**IT IS SO ORDERED.**

Dated:   08/22/06

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2